OTTO O. LEE, CA Bar No. 173987
olee@iplg.com
KEVIN VIAU, CA Bar No. 275556
kviau@iplg.com
BONNIE J. WOLF, CA Bar No. 284872
bonniewolf@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D NOW, INC., a California corporation *dba* Uncle Bubble,<br><br>Plaintiff,<br><br>v.<br><br>TPF TOYS LIMITED, a Hong Kong company, and TPF TOYS, LLC, a California limited liability company,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

D Now, Inc., *doing business as* Uncle Bubble, for its Complaint against TPF Toys Limited, a Hong Kong company, and TPF Toys, LLC, a California limited liability company, hereby alleges as follows:

**PARTIES**

1. Plaintiff D Now, Inc. ("D Now") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 7291 Coronado Drive, Suite 2, San Jose, California 95129.

2. On information and belief, Defendant TPF Toys Limited is a company organized and existing under the laws of Hong Kong, with its principal place of business at Unit 2906, Floor 29, Enterprise Square 3, 39 Wang Chiu Road, Kowloon Bay, Kowloon, Hong Kong.

3. On information and belief, Defendant TPF Toys, LLC, is a California limited liability company organized and existing under the laws of the State of California, with its principal place of business at 400 Continental Boulevard, 6th Floor, El Segundo, California 90245.

4. TPF Toys Limited and TPF Toys, LLC shall also be referred to individually as a "Defendant," and the named "Defendants" herein.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants because each Defendant has maintained certain minimum contacts with the State of California such that the exercise of jurisdiction over each Defendant would not offend traditional notions of fair play and substantial justice. As alleged herein, each Defendant has transacted significant business and committed and/or induced acts of patent infringement giving rise to this suit in this State and District.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant TPF Toys, LLC is a limited liability company subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. § 1391(c). Venue is proper in this District under 28 U.S.C. § 1391(b) because, upon information and belief, Defendants TPF Toys Limited and TPF Toys, LLC have transacted significant business in this District, and have committed and/or

induced acts of patent infringement giving rise to this suit in this District, including by the sale of infringing toy products here.

### INTRADISTRICT ASSIGNMENT

8.   This is an Intellectual Property Action subject to district-wide assignment in San Francisco, Oakland, or San Jose pursuant to Civil Local Rule 3-2(c).

### UNITED STATES PATENT NO. 8,795,020

9.   Plaintiff is the exclusive licensee of United States Patent No. 8,795,020 (the "'020 Patent") entitled "Bubble Blower Tube," which is valid and subsisting. The '020 Patent issued on August 5, 2014. A true and correct copy of the '020 Patent is attached hereto as Exhibit A.

10.   Shau-Chi Lin is the inventor of the '020 Patent.

11.   Shau-Chi Lin granted D Now the exclusive license to practice and enforce the '020 Patent.

12.   Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on the devices it manufactures and sells as required by 35 U.S.C. § 287.

### FACTUAL BACKGROUND

13.   In 2012, Shau-Chi Lin conceived of a unique and innovative device to be used for blowing bubbles using a liquid solution. This bubble blowing tube invented by Shau-Chi Lin features a mouthpiece at one end and an outlet at an opposite end, with a check valve allowing air to pass from the mouthpiece toward the outlet and prohibiting air from flowing through the outlet toward the mouthpiece, and a number of fluid retaining ribs and grooves.

14.   On or about January 8, 2013, Shau-Chi Lin filed the utility patent application entitled "Bubble Blower Tube" from which the '020 Patent would issue. Plaintiff is the exclusive licensee of the '020 Patent.

15.   D Now is a company engaged in the importation, sale, and marketing of toy products in the United States.

16.   One of Plaintiff's most popular products is the Uncle Bubble® Ultra Bouncing Bubble toy set, which includes a bubble blowing tube which practices the '020 Patent.

17.   Plaintiff partners with retail stores to market, distribute, and sell its unique line of

family friendly toys. Plaintiff markets its products nationwide, including through online marketing via its website <http://www.unclebubble.us/>. Copies of product information pages for Plaintiff's Uncle Bubble® Ultra Bouncing Bubble product are attached hereto as Exhibits B and C.

18. Defendants manufacture, market, offer, distribute, and sell toy products for sale.

19. Among the products manufactured and sold by Defendants is a toy set including a bubble blowing tube marketed under the brand Paddle Bubble which practices the '020 Patent, and further is substantially similar, and in fact nearly identical, to Plaintiff's bubble blowing tube included in the Uncle Bubble® Ultra Bouncing Bubble toy set. Copies of product information pages for Defendants' Paddle Bubble product are attached hereto as Exhibits D and E.

20. On information and belief, Defendants participate and cooperate with each other in concert to make, market, advertise, promote, offer, provide, and sell the said infringing Paddle Bubble product, such that each is jointly and severally liable for the actions of the other in respect of the infringements alleged herein. Additionally, on information and belief, Defendants have induced each other to commit the unlawful acts relating to infringement of the '020 Patent alleged herein, including without limitation by directing and instructing the other Defendants to make, market, advertise, promote, offer, provide, and sell the infringing Paddle Bubble product, including in the State of California, within this District, and elsewhere in the United States. Each named Defendant is thus liable for the unlawful conduct of the Defendants described herein.

## CLAIM I

## DIRECT INFRINGEMENT OF THE '020 PATENT

21. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Upon information and belief, Defendants have been and are now infringing Claim 1 of the '020 Patent in the State of California, in this judicial district, and elsewhere in the United States in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, or offering for sale bubble blowing tubes, including without limitation, at least the Paddle Bubble toy set including a bubble blowing tube (the "Accused Device") which includes: …a bubble-forming tube comprising a connection end integrally connected to the periphery of said blower tube in a flush manner, a bubble-

forming end shaped like a trumpet and suspending outside said outlet of said blower tube, a fluid storage chamber defined between said outer perimeter of the outlet of said blower tube and an inner perimeter of said bubble-forming tube, and an annular stop flange extending around an outer perimeter of said bubble-forming tube between said connection end and said bubble-forming end…and a bubble fluid retaining ring…, covered by Claim 1 of the '020 Patent, to the injury of the Plaintiff. Defendants are directly infringing the '020 Patent pursuant to 35 U.S.C. § 271(a).

23. Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendants as alleged herein. Thus, Defendants are liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

25. Defendants' acts of infringement have caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendants will continue the infringing conduct and continue to cause irreparable injury to Plaintiff.

## CLAIM II

## INDIRECT INFRINGEMENT OF THE '020 PATENT

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. On information and belief, Defendants has also induced others to infringe the '020 Patent in violation of 35 U.S.C. § 271. Defendants has induced infringement by their distributors and retailers who are selling, using, importing, exporting, providing, supplying, distributing, and/or offering the Paddle Bubble toy product, which directly infringes the '020 Patent, as alleged hereinabove. On information and belief, Defendants have encouraged the infringing conduct of their distributors and retailers with knowledge and in disregard of the '020 Patent, and with intent that the intellectual property rights of Plaintiff be infringed. On information and belief, Defendants have further contributorily infringed the '020 Patent by offering or selling within the United States one or more material components of the Paddle Bubble toy product, knowing such components to be

especially made or adapted for use in the infringement of the '020 Patent and not for any suitable substantial non-infringing use.

28. The inducement and contribution to infringement by Defendants has been and is intentional, deliberate, and willful.

29. As a result of Defendants' infringing activities, Plaintiff has sustained, and continues to sustain, damages in an amount to be proven at trial. Plaintiff is further entitled to collect pre-filing damages for the full period allowed by law.

30. Defendants' acts of inducement and contribution to infringement have caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendants will continue their infringement and cause further irreparable injury to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

31. For a judgment in favor of Plaintiff that Defendants have infringed the '020 Patent;

32. For an injunction pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining the Defendants, each of them, and their officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, selling, offering for sale, using, and/or exporting or importing any devices that infringe the '020 Patent, and otherwise from directly or indirectly committing or inducing or contributing to further acts of infringement of the '020 Patent;

33. For a judgment and order requiring that Defendants pay to Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '020 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

34. For a judgment and finding that Defendants' infringement and inducement and contribution to infringement are intentional and willful and that this is an exceptional case, and awarding treble damages, reasonable attorneys' fees, and costs to Plaintiff as permitted by 35 U.S.C. §§ 284-285;

35. For an order and judgment sustaining each of the causes of actions set forth herein against Defendants, and requiring Defendants to pay all damages and monetary relief as allowed

1  under law or as may be sought by Plaintiff according to proof at trial.

2      36. For any and all other relief as the Court deems just and reasonable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

Dated: July 6, 2016    By: */s/ Otto O. Lee*
    Otto O. Lee, Esq.
    Kevin Viau, Esq.
    Bonnie J. Wolf, Esq.
    INTELLECTUAL PROPERTY LAW GROUP LLP
    12 South First Street, 12th Floor
    San Jose, California 95113
    Telephone: (408) 286-8933
    Facsimile: (408) 286-8932

*Attorneys for Plaintiff*

*D Now, Inc. v. TPF Toys Limited, et al.*
COMPLAINT

7