UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D NOW, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>TPF TOYS LIMITED, et al.,<br><br>             Defendants. | Case No. 16-cv-03792 NC<br><br>**AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Re: Dkt. No. 65 |

Defendant TPF Toys Limited moves for summary judgment of this patent dispute in which plaintiff D Now, Inc. alleges TPF infringed a patent for a bubble blower tube. TPF cites clear and convincing evidence that the claimed invention was obvious in light of the prior art, so the patent is invalid. The Court GRANTS TPF's motion for summary judgment.

**I.    BACKGROUND**

   **A.    Procedural History**

D Now holds the exclusive license to U.S. Patent No. 8,795,020 for a "bubble blower tube." '020 Patent, at [54] (filed Jan. 8, 2013); Dkt. No. 1 at 3. The tube is a component of D Now's Uncle Bubble Ultra Bouncing Bubble toy set. Dkt. No. 1 at 4. D Now sued TPF, claiming the bubble blower tube in TPF's Paddle Bubble toy set infringes Claim 1 of the '020 Patent. Dkt. No. 1. TPF moved for summary judgment, challenging the '020 Patent's validity on the basis the invention was obvious. Dkt. No. 65; Case No. 16-cv-03792 NC

*See* 35 U.S.C. § 103.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  Dkt. Nos. 9, 17.

**B.     The '020 Patent**

Claim 1 of the '020 Patent comprises four principal limitations: (1) a tube structure, including the bubble fluid reservoir; (2) a check valve inside the tube separating the bubble blowing end from the bubble forming end; (3) a grooved bubble fluid retaining ring at the end of the bubble forming tube with the grooves extending vertically around the inner circumference of the tube; and (4) an annular stop flange encircling the tube at the bubble forming end.  '020 Patent; Dkt. No.1-1 at 2–10.  See the illustrations below.



'020 Patent figs.1, 3 (numbers corresponding to embodiment have been removed).

The '020 Patent purports to address several problems with previous bubble blower tubes.  The invention attempts to: (1) prevent bubble fluid or (2) air from flowing back

1  through the tube; (3) hold sufficient bubble fluid so as not to limit the quality of the
2  bubbles; and (4) prevent bubble fluid from dripping down the outside of the tube onto the
3  user. '020 Patent.  In particular, the '020 Patent's main objective is "to provide a bubble
4  blower tube, which prevents reverse flowing of air or bubble fluid." *Id.* col.1 l.42–44.

5      The four limitations address these concerns: (1) "The bubble fluid that flows
6  downwardly along the inner perimeter of the bubble-forming end will be accumulated in
7  the fluid storage chamber and prohibited from entering the outlet and mouthpiece of the
8  blower tube." *Id.* col.3 l.16–19.  (2) The check valve prohibits the "flowing of air or
9  bubble fluid from the outlet toward the mouthpiece." *Id.* col.1 l.46–49.  (3) The outer and
10 inner grooved bubble fluid retaining part "enhances the bubble fluid retaining ability and
11 storage capacity of the bubble blower tube, increasing the rate and volume of bubble
12 formation." *Id.* col.1 l.56–60.  (4) "The bubble fluid that flows downwardly along the
13 outer perimeter of the bubble-forming end will be stopped at the annular stop flange." *Id.*
14 col.3 l.11–15.

## II. LEGAL STANDARD

16     Summary judgment is proper where "the movant shows there is no genuine dispute
17 as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
18 Civ. P. 56(a).  A genuine dispute of material fact exists where the evidence is such that a
19 reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
20 242, 248 (1986).  When reviewing the evidence, this Court must view the evidence in the
21 light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,
22 156 (1970).

23     A party attacking a patent's validity has the burden of proving invalidity by clear
24 and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011).  A
25 patent is invalid if "the differences between the claimed invention and the prior art are
26 such that the claimed invention as a whole would have been obvious . . . to a person having
27 ordinary skill in the art." 35 U.S.C. § 103.

## III. DISCUSSION

Obviousness is a legal determination predicated on three factual findings: (a) the scope and content of the prior art; (b) the level of ordinary skill in the art; and (c) the differences between the prior art and the claimed invention. *Graham v. John Deere, Co.*, 383 U.S. 1, 17 (1966). Evidence of commercial success, copying by others, and a long-felt but unresolved need may be indicative of nonobviousness. *Id.* at 17–18. Thus, the Court must determine whether a person of ordinary skill in the art, addressing the same problems as the '020 Patent, and with knowledge of the prior art, would have arrived at the '020 claim as an obvious solution.

### A. The Scope and Content of the Prior Art

Relevant prior art for an obviousness inquiry is analogous prior art. *In re Clay*, 966 F.2d 656, 659 (Fed. Cir. 1992). A reference is analogous if it is: (1) in the same field of endeavor, regardless of the problem addressed; or (2) reasonably pertinent to the particular problem addressed by the claimed invention. *Innovention Toys, LLC v. MGA Entm't, Inc.*, 637 F.3d 1314, 1321 (Fed. Cir. 2011).

#### 1. A reference for a bubble blowing tube is within the field of endeavor.

For summary judgment, the Court resolves evidentiary ambiguities in favor of the non-movant. *Adickes*, 398 U.S. at 156. The evidence in the record is ambiguous as to the extent of the field of endeavor, so the Court limits the field of endeavor to bubble blower tubes. The following patents are for bubble blower tubes and thus analogous prior art for purposes of this analysis: U.S. Patent Nos. 1,115,556 (filed Aug. 6, 1913); 1,576,287 (filed Aug. 22, 1922); 2,118,748 (filed June 15, 1937); 2,205,028 (filed Feb. 4, 1938); 2,561,974 (filed Jan. 6, 1950); 2,711,051 (filed Aug. 30, 1954); 3,183,621 (filed Oct. 31, 1961); 3,443,337 (filed Aug. 24, 1967); 4,166,336 (filed April 15, 1977); 5,156,564 (filed June 10, 1991); 5,190,490 (filed Jan. 16, 1992); 8,075,363 (filed Nov.17, 2003); and D371,169 (filed May 5, 1995).

### 2. Other references are reasonably pertinent.

The problems the '020 Patent addresses are not exclusive to bubble blower tubes. U.S. Patent No. 4,094,508 discloses the use of a "check valve to prevent water and soap solution from entering the tube." '508 Patent col.4 l.22–23 (filed May 21, 1976). The following patents address the problem of retaining sufficient bubble fluid to blow quality bubbles: U.S. Patent Nos. 3,109,255 col.2 l.54–col.3 l.9 (filed March 26, 1962); 4,447,982 col.3 l.15–25 (filed July 26, 1982); 5,078,636 col.1 l.67–col.2 l.11 (filed March 20, 1990); 6,544,091 col.5 l.10–15 (filed Aug. 15, 2000); 6,547,622 col.3 l.63–col.4 l.36 (filed May 22, 2001); and 7,052,356 col.2 l.25–44 (filed Sep. 5, 2003). U.S. Patent No. 4,411,095 discloses the use of an annular shield to prevent bubble fluid from dripping. '095 Patent col.1 l.10–20 (filed Feb. 5, 1982). The '508, '091, '255, '622, '356, '982, '636, and '095 Patents are reasonably pertinent to the '020 Patent because they address the same problems, and thus are analogous prior art.

### B. It Is Unnecessary to Determine the Level of Skill in the Art Because the '020 Patent and References Are Easy to Understand.

Where the subject matter of the patent and the prior art is simple and easily understandable, a factual determination of the level of ordinary skill in the art is unnecessary. *See Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 779 (Fed. Cir. 1983). The '020 Patent and analogous references are not complex enough to require a factual determination of the level of ordinary skill in the art, because technical skill is not required to understand the limitations disclosed in the patents. *See, e.g., Union Carbride Corp. v. Am. Can Co.*, 724 F.2d 1567, 1568 (Fed. Cir. 1984) (determination of level of skill not required where patent was for method of packaging plastic bags); *Chore-Time*, 713 F.2d at 779 (technical expertise was not necessary to understand patent for an automated poultry feeder pan assembly). *But see Advanced Media Networks LLC v. Row 44 Inc.*, No. CV 12-11018 GAF (JCGx), 2014 WL 5623951, at *6 (C.D. Cal. Nov. 4, 2014) (determination of level of skill necessary where invention subject matter was mobile network capabilities).

### C. The Difference Between the Prior Art and the Claimed Invention Is the Particular Combination of Elements.

There are numerous references for bubble blowing tubes and other bubble blowing devices in the prior art. The '020 Patent describes the related art as disclosing a trumpet shaped bubble tube with a mouthpiece opposite a bubble forming end. '020 Patent col.1 l.9–20 (citing U.S. Patent No. 4,166,336 (filed April 15, 1977)). The issuing examiner cited three additional references and found that, "the use of a blower tube with a mouthpiece, a check valve, and a bubble forming tube with a fluid storing chamber is generally known in the art: the prior art fails to teach or fairly suggest . . . a bubble blower tube including a bubble fluid retaining ring with an outer bubble fluid retaining part and an inner bubble fluid retaining part." Dkt. No. 65-3 at 2 ("Examiner's Statement of Reasons for Allowance"). TPF cites numerous additional references that use circumferential grooves to hold bubble fluid. Dkt. No. 65 at 15–20. Although each limitation is disclosed in many references, the '336, '363, '095, '051, and '622 Patents sufficiently demonstrate the scope of the prior art.

The prior art discloses every element in the claimed invention. The '051 Patent illustrates a bubble blowing tube comprised of a mouthpiece fitted inside a trumpet shaped bubble forming tube. The specification explains that this creates a bubble fluid reservoir between the two structural pieces. "It will be appreciated that when the bubble forming device is in use, any liquid present therein will, on appropriate inclination of the device, tend to collect in the pocket or recess[,] and any tendency for such liquid to run back through said mouthpiece and into the mouth of the user will be prevented." '051 Patent col.2 l.24–29. The '095 Patent uses a check valve to prevent bubble fluid from flowing back through the mouthpiece. "The entire pipe may be constructed of plastic material of attractive colors and, if desired, a simple check valve assembly may be incorporated into the passage to prevent a child from sucking soapy water into its mouth when using the bubble pipe." '095 Patent col.3 l.17–22. Together, the '051 and '095 Patents disclose the same bubble blower tube structure the '020 Patent uses, including the use of both a bubble

fluid reservoir (limitation 1) and interior check valve (limitation 2) to prevent the backflow of bubble fluid into the mouthpiece. However, the patents do not discuss the problem of air escaping out the mouthpiece.

But the '363 Patent illustrates a bubble blowing tube with a grooved ring at the bubble forming end and leaf valves on the sides. The '363 patent teaches that the "installation of a leaf valve facilitates blowing of large-size soap bubbles by younger children, and enables long pauses between expirations without diminishing bubble size." '363 Patent col.8 l.64–67. The leaf valves operate like the check valve in the '020 Patent (limitation 2) to prevent air from escaping the bubble blower tube.

In addition, the '622 Patent teaches that, "by providing ridges on the inner circumferential surface of the cylindrical walls, the present invention enhances the production of more complete bubbles, and a greater number of bubbles." '622 Patent col.4 l.30–33. This reference suggests adding grooves and ridges to the areas in which bubble fluid is held to increase bubble fluid retention, which is the same purpose the outer and inner grooved circumferential grooves (limitation 3) serve in the '020 Patent.

Finally, the '336 Patent illustrates a bubble blowing tube that includes "a flange or other barrier . . . conveniently provided on the outside of the funnel adjacent to the bubble forming end to prevent the flow of film forming material down the outside of the funnel." '336 Patent col.1 l.49–52. The flange in the '336 Patent is in the same location as the flange in the '020 Patent (limitation 4) and achieves the same purpose. Thus, the prior art uses the same devices as each limitation of the '020 Patent.

**D.     The Bubble Blower Tube Would Have Been Obvious in Light of the Prior Art.**

The numerous prior art patents cited by TPF embody clear and convincing evidence that the claimed invention is obvious. Although the prior art discloses each limitation of the claimed invention, there are two differences between the prior art and the claimed invention: (1) the prior art does not include a bubble blower tube that uses a check valve to seal the tube when the user is not blowing into the mouthpiece; and (2) the particular

combination of elements that comprise the claimed invention is not anticipated in the prior art. *See* '020 Patent. However, the '020 Patent uses each limitation for the same purpose as taught in the prior art, in an obvious manner.

### 1. The '020 Patent's use of a check valve is obvious.

A claimed invention is obvious where the improvement over the prior art is no more than "the predictable use of prior art elements according to their established functions." *KSR*, 550 U.S. at 417. The placement of the check valve would have been obvious in light of the prior art because it was known in the art to use a check valve to prevent the back flowing of air and bubble fluid. *See* '095 Patent; '363 Patent. It would have been obvious that a check valve located in a bubble blowing tube would prevent air and bubble fluid from flowing back through the tube. *Tokai Corp. v. Easton Enters., Inc*,. 632 F.3d 1358, 1371–72 (Fed. Cir. 2011) (patent for a utility safety lighter was obvious where the only limitation not exemplified in the prior art–the "intended position of the finger and thumb when using the lighter–[was] nothing more than a predictable variation on the prior art").

### 2. The combination of elements in the '020 Patent achieves predictable results.

An invention is likely obvious where it merely combines familiar elements according to known methods and yields only predictable results. *KSR Intern Co. v. Teleflex, Inc.*, 550 U.S. at 398, 417 (2007). The particular combination of elements to solve the problems addressed by the '020 Patent would have been obvious because each element performed its known function and had previously been used to solve the same problems. The particular combination achieves nothing more than its predictable result, and thus it would have been obvious to anyone who had knowledge of the prior art. *See, e.g.*, *id.* (patent for an adjustable pedal with a fixed pivot point mounted with a sensor was obvious where prior art included an adjustable pedal with a fixed pivot point and taught that a fixed pivot point was an ideal mount for a sensor).

Furthermore, Suzanne Mills-Winkler's expert opinion that the bubble blower tube "added innovation and uniqueness that was not an obvious step," does not create a genuine

Case No. 16-cv-03792 NC            8

dispute of material fact. Dkt. No. 76-2 at 6; *See KSR*, 550 U.S. at 426–27 (rejecting federal circuit's rationale that conclusory expert testimony addressing obvious created a dispute of fact). The references cited by TPF constitute clear and convincing evidence that the '020 Patent would have been obvious in light of the prior art and establish a prima facie finding of obviousness.

### 3. Secondary considerations do not rebut the overwhelming evidence that the '020 Patent was obvious.

D Now's minimal evidence of commercial success, copying by others, and a long-felt but unsolved need does not overcome the strong showing of obviousness. First, there is no evidence D Now's bubble blower tube was commercially successful. For commercial success to be probative evidence of nonobviousness, the party asserting validity must show objective evidence of commercial success and a nexus linking the commercial success to the merits of the claimed invention. *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1363 (Fed. Cir. 2012). D Now provides no evidence of the number of units sold, percentage of market share, or profit gain. The only evidence D Now cites is Keith Michael Johnson's irrelevant declaration that "at trade shows when the bubble blower tube was demonstrated it captured the interest of a significant number of wholesale buyers." Dkt. No. 75 at 4. This is not objective evidence of commercial success. Furthermore, D Now fails to provide evidence that the Bouncing Bubble toy set's alleged commercial success was due to the bubble blower tube. In fact, evidence that D Now never sold the bubble blower tube separately from the bouncing bubble toy set supports the conclusion that there was no nexus between the invention and its alleged commercial success. Dkt. No. 76-2 at 7–8.

Second, evidence that TPF and another company copied the bubble blowing tube is insufficient to rebut the overwhelming evidence of obviousness. Johnson's declaration states, "there was at least one company that launched an extended Made-for-T.V. type product campaign after illegal copying and manufacturing of the '020 patented bubble blowing tube." Dkt. No. 75 at 4. Additionally, Mills-Winkler provides a diagram and

pictures in her expert report showing that TPF's Paddle Bubble toy included a bubble blower tube similar to the claimed invention. However, evidence that TPF and "at least one company" copied the bubble blower tube is insufficient to rebut the numerous prior art references showing the invention would have been obvious to one skilled in the art. *See Cable Elec. Products, Inc. v. Genmark, Inc,.* 770 F.2d 1015, 1028 (Fed. Cir. 1985) ("It is simplistic to assert that copying per se should bolster the validity of a patent.").

Third, the evidence D Now cites in support of a long-felt but unsolved need is not probative of nonobviousness. Dkt. No. 73 at 21–22. The evidence D Now points to in support is Johnson's declaration that "inventors of bubble blowing toys that have tried to produce advanced bubble bouncing experiences have looked to new soap bubble liquids (chemistry), not through designing a bubble blowing apparatus." Dkt. No. 75 at 4. Even assuming Johnson has personal knowledge of the failed inventions of some unspecified "inventors of bubble blowing toys," a long-felt but unsolved need for a chemical solution capable of producing "advanced bubble bouncing experiences" does not rebut the prima facie case that the bubble blower tube would have been obvious in light of the prior art.

A bare assertion that the invention was commercially successful, evidence TPF and "at least one company" copied the invention, and a long-felt but unresolved need for a problem not addressed by the '020 Patent is insufficient to rebut the numerous prior art references showing the claimed invention was obvious.

## IV.  CONCLUSION

TPF provides clear and convincing evidence that Claim 1 of the '020 Patent was obvious by citing to numerous prior art references. In light of the scope and content of the prior art, the simplicity of the technology, and the differences between the prior art and the claimed invention, the Court finds Claim 1 of the '020 Patent invalid for obviousness. The Court GRANTS defendant TPF's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: November 6, 2017                             _____
                                                                              NATHANAEL M. COUSINS
                                                                              United States Magistrate Judge